IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TERRANCE TILLER | PLAINTIFF |
| VS. | Civil Action: 3:24-cv-94-KHJ-MTP |
| CITY OF JACKSON, JACKSON POLICE DEPT. JOHN DOE 1-5 | DEFENDANTS |

_____

**COMPLAINT**
**(JURY DEMANDED)**
_____

**JURISDICTION AND VENUE**

This matter is actionable under the United States ADA and Title I of the ADA, the U.S. Constitution Fourteenth Amendment including Equal Protection Right, Title 42 of the United States Code, Section 1983: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, Section 1981 of the U.S.C., Title VII, Disparate Treatment, and this court has supplemental jurisdiction over the state claims under **28 U.S.C. 1367.** State violations: mental anguish, body injuries, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress, **Venue** is proper because there federal questions asserted by Plaintiffs and

Defendants are located in the jurisdiction of the Southern District of Mississippi Northern Division.

## EXHAUSTION OF EEOC REMEDIES

Plaintiffs claiming discrimination of sex, race, color, retaliation and disability EEOC right to sue letters dated for within 90 days of December 18, 2023. Attached hereto as **exhibit A.**

## EXHAUSTION OF THE REQUIRED MISS. CODE ANN.11-46-11(1)

Plaintiff filed the required notice of intent to sue with the City of Jackson Clerk's office on December 19, 2023. Hereto attached as e**xhibit B,** Notice of intent to sue/notice of claims.

## PARTIES TO THE COMPLAINT

1. Terrance Tiller is a Hinds County Mississippi resident thereby fulfilling the requirement of a U.S. Citizens.

2. Defendant the City of Jackson, and Jackson, Police Department is a municipality in the State of Mississippi and may be served with process through the City's Clerk office located ate 219 South President Street, Jackson, MS 39201.

3.Defendant The City of Jackson Police Department and may be served with process through the City's Clerk office located ate 219 South President Street, Jackson, MS 39201.

### STATEMENT OF FACTS

1. On and around, January, 2002, Plaintiff, Terrance began working as a Jackson Police Officer and thereafter became promoted as a Sergeant. As it would follow down through the year of April 13, 2020 Plaintiff, in responding to a Officer's call in Jackson, MS, and in the protection of himself, while in the line of duty, he allegedly shot and killed a burglary suspect.[1]

2. Then around July 07, 2022, the then Police Chief, James Davis, issued Plaintiff a letter, **exhibit C**, that states in summary, inter alia, that plaintiff was placed on Administrative Leave with pay pending the outcome of the internal investigation. At that point of time, a Psychological Evaluation was requested by the City of Jackson and it's Police Department with/to Dr. C. Bufkin Moore, to determine Plaintiff's fitness for duty. The letter went on to say that Plaintiff was cleared, by Dr. Bufkin Moore, to return to duty as of Monday, November 23, 2020. However, the letter then changes its position and states: "On Tuesday, November 24, 2022, you(Plaintiff) began exhibiting emotional issues, and again placed on Administrative Leave with

---

[1] According to the letter sent from Chief Davis office, there were other officers whom drew the service weapon and also fired at the suspect. It has not been determined whether plaintiff's bullet was the actual cause of death of the suspect.

pay by the Jackson Police Department, while awaiting another Defendants ordered psychology evaluation."please see **exhibit D**.  *Plaintiff avers that at no time during the events that gives rise to this suit was Plaintiff required to order his own psychological examination, rather only the City of Jackson, through it's Police Department had that authority.*

3. Importantly, the letter, **exhibit C,** reveals admittedly, that   Jackson Police Department, stated that: "on two separate occasions a Psychological Evaluation was requested[2].   The final Psychological Evaluation request by the Jackson Police Department was conducted and on December 22, 2020, the psychologist recommended that you remain on Administrative Leave indefinitely."

4. As a consequence, Plaintiff was later fired for his disability, of which, the City of Jackson and Jackson Police Department admitted that they were clearly aware of the fact that their retained Dr. C. Bufkin Moore was retained by the City to do evaluations, not plaintiff.  The evidence also suggest that the Defendants  knew or should have known about  Plaintiff phycological issues[3], especially since Defendants were the one whom dispatched Plaintiff to the fatal call and placed plaintiff on administrative leave.

---

[2] JPD and the Chief of Police is whom ordered each and every psychological evaluations of plaintiff, not plaintiff himself.

[3] psychological issues are protected as mental illness under the ADA Act.

5. As a result of Plaintiff's ADA mental issues, please see **exhibit D**, as well as Plaintiff being terminated, this lawsuit was triggered becausePlaintiff's claims are illuminated as protected under the federal ADA Act[4],

6. As a result of plaintiff's ADA protected rights were not being recognized by Defendants and a U.S. Constitutional right to be treated equally as others also was set off because Defendants terminated plaintiff, holding that plaintiff was not fit for the duty of an officer, The Defendants stated that: "the City of Jackson Police Department has no alternative but to employ an individual who is capable of carrying out the essential functions and duties of the job requirements. In light of your medical condition and your inability to fulfill the obligation requirements as a Sergeant…… Please see **exhibit E third ¶**. Also, see **exhibit F,** what those duties were, as if plaintiff could not perform some other functions at the police department.

7. Moreover, and in response to his being abruptly terminated by the defendants for his mental health and without any record from their doctors that he was not fit to return to duty, Plaintiff respectfully sought to use his Family Leave time, of 12 weeks as well as sick time and vacation time, in order to give Plaintiff reasonable time to get the City's doctor, Dr. C. Bufkin Moore, whom said to the city that plaintiff's leave of absence is indefinite. Please see **exhibit D.**

---

[4] For as much privacy in filing documents that contains medical records, plaintiff redacts names in exhibit D., but the full version of the record is preserved for discovery.

8. As a consequence, Plaintiff will show an on point violation of giving another Officer different treatment for her injuries, but was given reasonable accommodations from injuries sustained in 2015 to present day(She is on indefinite leave, as plaintiff was before being fired). Plaintiff avers that this violates his guaranteed 14th Amendment right of equal protection.

9. Plaintiff avers that **exhibit E,** clearly shows that Defendants knew or should have known that plaintiff suffers from mental health, as a result of what the City of Jackson pinned on Plaintiff as killing someone in the line of duty, and that such suffering of the mental health was a a result of doing his job for Defendants. However, in return, instead of defendants accommodating plaintiff in any regards, for his mental health issues, Defendants, fired him which alleviate defendant's providing insurance for the mental illness medication and other needs of Plaintiff.

10. Plaintiff contends that the purpose of the law of ADA: Title I

**Applies to:** employers that have 15 or more employees, including state/local governments, employment agencies, and labor unions.

**General requirement:** Employers must provide people with disabilities an equal opportunity to benefit from the employment-related opportunities available to others. This includes things like recruitment, hiring, promotions, training, pay, and social activities.

The ADA includes specific requirements for employers to ensure that people with disabilities have equal access to employment.The ADA defines disability as *a physical or*

*mental impairment that substantially limits one or more major life activities.* When job applicants or employees have a mental health condition that meets this criteria, they have workplace rights under the ADA. The ADA Amendments Act of 2008 (ADAAA) recently broadened the definition of disability to provide legal protections against employment discrimination for more individuals with disabilities, including people with psychiatric disabilities.**Record of psychiatric disability**. The ADA also prohibits discrimination against individuals who have a record (history) of a psychiatric disability or are regarded as having a psychiatric disability. This means, for example, that qualified individuals who have a history of psychiatric disability cannot be discriminated against just because of that history. Also, employers can't take actions (such as failing to hire, demoting or denying training opportunities) because they believe a qualified applicant or employee might have a psychiatric disability.**Rights under the ADA.** Applicants and employees with psychiatric disabilities have two main rights under the ADA. First, they have a right to privacy. Except when asking for an accommodation, they can choose whether to tell the employer about their disability. Second, they have a right to a job accommodation unless this causes undue hardship for the employer.

11. Moreover, upon information and belief,  The words "psychiatric disability" and "mental illness" are often used interchangeably. The term mental illness is typically used in a medical context to refer to a wide range of conditions related to emotional and mental health. The term psychiatric disability is typically used in a legal or policy context to refer to impairments covered under the ADA.

- psychiatric diagnoses include anxiety disorder, depression, attention deficit/hyperactivity disorder (ADHD), bipolar disorder and schizophrenia.
- Overall, about 44 million adults (over age 18) in the U.S. report having had any mental health condition during the past year, representing about 18.5% of the U.S. population.
- Among these U.S. adults, the National Institute of Mental Health estimates that:
    - 18% have an anxiety disorder (including post-traumatic stress disorder, obsessive-compulsive disorder, panic disorder and generalized anxiety disorder)
    - 9.5% have depression
    - 4% have attention deficit/hyperactivity disorder
    - 2.6% have bipolar disorder
    - 1% have schizophrenia
- About 18% of workers in the U.S. report having a mental health condition in any given month. This means that psychiatric disability is one of the most common types of disability covered under the ADA.

12. Plaintiff contend that he was stripped of his disability rights for his illness as well as those protected right of Equal Protection by Defendants. Accordingly, it appears that Defendants simply do not tend to support the law for mentally ill person's employed under them.. In fact, Plaintiff avers that;

**Disclosure is a choice**. According to the ADA, employers can't require applicants or employees to disclose a disability (with a few exceptions described below). So, in most cases, disclosing a psychiatric disability is a choice, not a requirement. Individuals who choose not to tell about their mental health condition are not "lying" or "hiding." They are using a legally protected choice.**After the job offer**. Once a job has been offered, applicants may be asked to take a medical exam before starting work. If this exam reveals a psychiatric disability, the job offer can only be withdrawn if there is evidence that the person won't be able to do the essential functions of the job without an accommodation and can't be reasonably accommodated or the disability poses a real safety issue.**On the job.** Employees generally can't be required to disclose a psychiatric disability unless requesting a job accommodation. Then, the employer can ask for some medical documentation about the disability. This medical information can't be shared with others in the workplace.

13.   In this case, Defendants, had a duty to follow the ADA employment requirements, but instead, ignored the law and such intentional and in some instances gross negligence of Plaintiff's United States ADA and Title I rights, the 14th Amendment Equal protection rights, Section 1981 Title VII rights as well as those state rights as shown in the paragraphs above, has severely and in some ways permanently injured plaintiff.

14.   Plaintiff contends by not allowing him to use his sick leave, vacation nor Family Medical Leave, as Defendants have done in cases prior to Plaintiff, retaliation is shown in

Defendants conduct.[5] However, to show one showing now in the complaint, Plaintiff offers exhibit G, Officer KB, lawsuit filed at 3:19-cv-KHJ-FKB filed 11/10/2019[6].

## CAUSE OF ACTION

14. Plaintiff's claims of the ADA Act, Title 1, the U.S. Constitution Fourteenth Amendment including Equal Protection Right, Title 42 of the United States Code, Section 1983: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, Section 1981 of the U.S.C., Title VII, and this court has supplemental jurisdiction over the state claims under 28 U.S.C. 1367. State violations: mental anguish, body injuries, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress. Also, this suit is authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Section 1981); and Declaratory and Injunctive relief pursuant to 28 U.S.C. §2201 and 2202. Title VII Retaliation, Title 41§ 60-3.11 Disparate Treatment, Disparate treatment occurs where members of a race, sex, or ethnic group have been denied the same employment, promotion, membership, *or* other employment opportunities as have been available to other employees or applicants; intentional infliction of emotional distress, and Federal m and are actionable before a jury in facts as offered in this case.

---

[5] Plaintiff intend to show upon discovery more details of other police officers whom were provided those rights to use their sick leave, FML, and/or vacation instead of termination or any other irreparable harm to them.

[6] This lawsuit is filed as a public record and there did not appear to be a seal as to the complaint's claims which are homogeneous to plaintiff's claims.

15. Plaintiff contends the 14th United States Constitution allows that as a male employee of the City of Jackson and Jackson Police Department, he is protected as a class of person[s] equal protection and treatment under the law.

16  Plaintiff seeks the right to recover damages under § 1981, and 1983 as well as ADA Act for retaliation while they,  as an employee of the City of Jackson.

56.   Defendants, knew or should have known that its policies and procedure are prohibited under the law as claimed hereto.   Plaintiff contends that defendants did not take any steps necessary to prevent the ADA violations, sex discrimination against plaintiff nor any of the other claims sought by Plaintiff.   Therefore, an injunction is proper to prohibit the ill conduct by defendants.

57.   Plaintiff seeks compensatory and equitable relief based on the jury findings and damages including lost wages and benefits lost due to being terminated for his illness, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, pain and suffering,  loss of enjoyment of life, and other non pecuniary and pecuniary  losses for which she is entitled to recover under his causes of action.

58.   Equitable relief in the form of a declaratory injunctive relief from future  ADA violations, discrimination and/or retaliation.

59.   Attorney fees, interest, and costs of court involving this lawsuit, including trial and appeals if applicable at any point.

60.   Plaintiff seeks punitive damages to deter the ill conduct as sought by the claims. Plaintiff request for a jury is in keeping with the entitled rights as provided by law where

plaintiff has reasonable expectation of a judgment against all Defendants known and unknown at this time.

12. **RESPECTFULLY SUBMITTED this the 14th day of February, 2024**

**/s/ Abby Robinson esq. MSB(105157)**

**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
227 E. Pearl Street
Jackson, Mississippi 39201
Ph. 601-321-9343
Fax. 601-487-6326
Email: arobinsonlawfirm@yahoo.com
Secondary: abby@askabbylaw.org