UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRANCE TILLER                                            PLAINTIFF

V.                                    CIVIL ACTION NO. 3:24-CV-94-KHJ-MTP

CITY OF JACKSON, et al.                                    DEFENDANTS

ORDER

Before the Court is Defendant City of Jackson's ("the City") [47] Motion for Attorney Fees. The Court denies the motion.

Plaintiff Terrance Tiller ("Tiller") sued his former employer, the City, alleging it discriminated against him because of his mental disability. *See* Compl. [1]. The Court granted summary judgment in the City's favor on the federal claims, and it declined to exercise supplemental jurisdiction on the remaining state law claims. *See* Order [45]. The City now requests an award of its attorneys' fees. [47].

The Americans with Disabilities Act authorizes the Court, in its discretion, to award reasonable attorneys' fees to the "prevailing party." 42 U.S.C. § 12205. But a prevailing *defendant* may not receive attorneys' fees "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The Fifth Circuit has cautioned: "[A] court must 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been

unreasonable or without foundation.'" *Offord v. Parker*, 456 F. App'x 472, 474(5th Cir. 2012) (per curiam) (quoting *Christiansburg*, 434 U.S. at 421–22). Instead, the Court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.* (citation modified).

The parties litigated this case to summary judgment. And after careful consideration by the Court, the Court granted summary judgment for the City on Tiller's federal claims. [45]. Even though Tiller's federal claims ultimately did not succeed, the Court cannot say the claims were "frivolous, unreasonable, or groundless," warranting the award of the City's attorneys' fees. The City's [47] Motion therefore is denied.

SO ORDERED, this 30th of June, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE